## IN THE UNITED STATES DISTRICT COURT
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELLE ABDUR- RAHMAN )<br><br>   Plaintiff,   )<br><br>v.   )<br><br>   )<br>CALIBER HOME LOANS, INC.,   )<br>               and   )<br>MCCABE, WEISBERG & CONWAY,   )<br>P.C.,   )<br>               and   )<br>LSF9 MASTER PARTICIPATION   )<br>TRUST   )<br>   )<br>   Defendants.   ) | CIVIL ACTION NO.<br><br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>NON-ARBITRATION |

## PRELIMINARY STATEMENT

1.      This is an action for damages and injunctive relief brought by an individual consumer, Danielle Abdur- Rahman, against Caliber Home Loans, Inc., McCabe, Weisberg & Conway, P.C., and LSF9 Master Participation Trust for violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"); the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1 *et seq.* ("FCEUA"); the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.* ("UTPCPL"); and Pennsylvania common law.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.      Plaintiff Danielle Abdur-Rahman is an adult individual residing in Philadelphia, PA.

5.      Defendant Caliber Homes Loans, Inc., ("Caliber") is a business entity that regularly conducts business in the Commonwealth of Pennsylvania and which has a headquarters located at 3701 Regent Blvd., Irving, TX 75063; and a branch office located at 3103 Emrick, Blvd., Suite 113, Bethlehem, PA 18020.  The principal purpose of Caliber is the collection of debts already in default using the mail and telephone, and Caliber regularly attempts to collect said debts.

6.      Defendant McCabe, Weisberg & Conway, P.C. ("MWC"), is a law firm located at 123 South Broad Street, Suite 1400, Philadelphia, PA 19109.  The principal purpose of MWC is the collection of debts already in default using the mail and telephone, and MWC regularly attempts to collect said debts.

7.      Defendant LSF9 Master Participation Trust ("LSF9") is a holding trust that, through its agents, regularly conducts business in the Commonwealth of Pennsylvania.  For all relevant purposes, Defendant Caliber, is the duly authorized agent of LSF9.  The principle purpose of LSF9 is the purchase of defaulted mortgage loans, and collection of those defaulted debts. LSF9, acting through its agents, regularly collects or attempts to collect debts originally owed to another.

**FACTUAL ALLEGATIONS**

8.      Prior to October 2001, Plaintiff's father became the owner of the property located at 8014 Mars Place, Philadelphia ("Mars Place Property").

9.      On October 11, 2001, Plaintiff's father provided a mortgage (the "Mortgage") to Household Finance Consumer Discount Company ("HFC").

10.     The mortgage was recorded with Philadelphia County on October 17, 2001 as Document ID No. 50343506.

11.     On or before April 15, 2011, Plaintiff's farther fully satisfied the Mortgage.

12.     On April 15, 2011, Julie Hoelzl, Vice President of HFC, completed a Satisfaction of Mortgage document evidencing the fact that the Mortgage had been fully satisfied.

13.     HFC recorded the full satisfaction of the Mortgage with Philadelphia County on April 27, 2011 as Document ID No. 52340962.

14.     Following the death of Plaintiff's father in 2014, and in accordance with his will, Plaintiff became the owner of the Mars Place Property.

15.     Despite full satisfaction of the Mortgage, and HFC's recording with the county of the full satisfaction, HFC sold the Mortgage to Defendant LSF9 in or around December 2015.

16.     As a result of the Satisfaction of the Mortgage being recorded with Philadelphia County, Defendant LSF9, and its agents, including Defendant Caliber, had actual and constructive notice that the Mortgage had been fully satisfied in 2011.

17.     Once LSF9 "acquired" the mortgage from HFC, Caliber, on behalf of LSF9 began falsely representing to Plaintiff that there was an outstanding balance on the mortgage.

18.     Further, in December 2015, Caliber represented that interest and fees were continuing to accrue on the Mortgage, even though the Mortgage had previously been fully satisfied.

19.     Caliber, acting on behalf of LSF9, began seeking payment on the Mortgage from Plaintiff from December 2015 up through to the present, even though the Mortgage had previously been fully satisfied.

20.     LSF9 and Caliber allege that on March 23, 2017, a "Notice of Intention to Foreclosure Mortgage" was sent to Plaintiff, which falsely indicated that there was an outstanding balance on the Mortgage, that fees and interest continued to accrue, and that if the balance was not paid, LSF9 and Caliber would file a foreclosure action against Plaintiff and the 8104 Mars Place Property (hereinafter the "March 23, 2017 Correspondence").

21.     The March 23, 2017 Correspondence was false, inaccurate, and contained numerous misrepresentations.

22.     The March 23, 2017 Correspondence contained threats to take action against Plaintiff and her property that were not permitted under the terms of the underlying contract and not permitted by law.

23.      On May 2, 2017, despite the previously recorded full satisfaction of the Mortgage, Defendant MWC, filed a foreclosure action against Plaintiff and the 8104 Mars Place Property alleging a default on the Mortgage, and seeking foreclosure and sale of the 8104 Mars Place Property.

24.     The foreclosure complaint wrongfully seeks principal, continuously accruing interest and fees, escrow, and attorneys' fees.

25.     Defendants filed the foreclosure action with knowledge that the Mortgage had been fully satisfied, and had been previously marked satisfied with Philadelphia County.

26.     By filing the foreclosure action, serving Plaintiff with the foreclosure complaint, and continuing to pursue the foreclosure action, Defendants were attempting to extort, harass and deceive Plaintiff into paying amounts not due.

27.     By filing the foreclosure action with knowledge that the Mortgage had been fully satisfied and previously marked satisfied, Defendants improperly used process against Plaintiff.

28.    On July 31, 2017, Plaintiff, through counsel, filed an Answer in the foreclosure action, denying all material allegations, and attaching a copy of the recorded mortgage satisfaction, thereby putting Defendants on notice again that the Mortgage had been fully satisfied and marked satisfied.

29.    Notwithstanding the above, in response to Plaintiff's Answer, and in receipt of another copy of the recorded mortgage satisfaction, Defendants continued to improperly pursue their foreclosure action.

30.    Defendants continued pursuit of the foreclosure action after Plaintiff's Answer and receipt of the additional copy of the mortgage satisfaction is further misuse and abuse of process directed towards Plaintiff.

31.    As of the date of this filing, the foreclosure action is still pending.

32.    As a result of Defendants' conduct, Plaintiff has suffered substantial financial harm and emotional distress.

**COUNT ONE – VIOLATIONS OF THE FDCPA**
**PLAINTIFF V. CALIBER, LSF9 AND MWC**

33.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34.    Caliber is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

35.    LSF9 is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

36.    MWC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

37.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

38.    The Mortgage, described in detail above, arose out of a transaction which was primarily for person, family or household purposes, and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

39.     Defendants allege that the Mortgage was in default at the time it was allegedly acquired by LSF9.

40.     Defendants allege that the Mortgage was in default at the time Caliber, LSF9 and MWC began their attempt to collect the alleged debt.

41.     Caliber, LSF9 and MWC ("FDCPA Defendants") violated the FDCPA independently and collectively.  The FDPCA Defendants violations collectively include, but are not limited to, violations of 15 §§ 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f and 1692f(1) as evidenced by the following conduct;

> a.  The use of false, deceptive and misleading representations and means in connection with the collection of the Mortgage;
>
> b.  Falsely representing the character, amount and legal status of the Mortgage;
>
> c.  Representing that nonpayment of the Mortgage would result in the sale of the Mars Place Property;
>
> d.  Threatening to foreclose on the Mars Place Property when the Mortgage had been previously satisfied;
>
> e.  The use of unfair and unconscionable means to collect or attempt to collect on the Mortgage; and
>
> f.  Attempting to collect an amount that was not authorized by agreement or permitted by law.

42.     The FDCPA Defendants' acts described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies that were not owed.

43.     As a result of the above violations of the FDCPA, the FDCPA Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT TWO – VIOLATIONS OF THE FCEUA AND UTPCPL
## PLAINTIFF V. CALIBER AND LSF9

44.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45.     Caliber is a "debt collector" as defined by 73 P.S. § 2270.3.

46.     LSF9 is a "debt collector" or in the alternative, is a "creditor" as those terms are defined by § 2270.3.

47.     Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3.

48.     The Mortgage described above, is a "debt" as defined by 73 P.S. § 2270.3.

49.     Defendants Caliber and LSF9 violated 73 P.S. § 2270.4(a) of the FCEUA when they engaged conduct that violated the FDCPA.

50.     Defendant LSF9 engaged in unfair methods of competition and unfair or deceptive acts or practices, as define by the UTPCPL, by attempting to collect the debt in violation of the FCEUA.  LSF9 and HSBC's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(b), as evidence by the following conduct:

     a.  Falsely representing the amount, character or legal status of a debt;

     b.  Collecting and attempting to collect an amount which is not expressly authorized by an agreement creating the debt or permitted by law; and

     c.  Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

7

51.     Defendant Caliber, LSF9's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

52.     As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a.   That an order be entered declaring the UTPCPL Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

b.   That an order be entered enjoining the UTPCPL Defendants from continuing to pursue the Foreclosure Action, and direct the UTPCPL defendants to discontinue misrepresenting the status and amount of the Mortgage;

c.   That judgment be entered against the UTPCPL Defendants for actual damages, statutory damages, treble damages, and reasonable attorneys' fees and costs; and

d.   That the Court grant such other and further relief as may be just and proper.

**COUNT THREE – ABUSE OF PROCESS**
**PLAINTIFF V. LSF9 AND MWC**

53.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54.     The summons, complaint, and motions filed in the foreclosure action are "process" according to Pennsylvania law.

55.     Defendants LSF9 and MWC used process against Plaintiff for improper purposes, and primarily to accomplish a purpose for which the process was not designed.

56.     Defendants LSF9 and MWC had actual knowledge that the Mortgage had been fully satisfied and marked satisfied prior to initiation of the foreclosure action.

57.     Despite this knowledge, Defendant LSF9 and MWC initiated the foreclosure action, and served Plaintiff with the foreclosure summons and complaint in an attempt to extort, deceive and harass Plaintiff into paying amounts not owed.

58.     Additionally, after Plaintiff answered the foreclosure complaint by providing Defendant LSF9 and MWC with an additional copy of the recorded satisfaction, Defendant LSF9 and MWC continued to pursue the foreclosure action, filed motions in the foreclosure action and continued to use process improperly against Plaintiff.

59.     Defendants LSF9 and MWC's continued pursuit of the foreclosure action while having actual knowledge that the Mortgage has been marked satisfied is further improper use and abuse of process directed at Plaintiff.

60.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

61.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, done with malice, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

62.     The conduct of Defendants LSF9 and MWC was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate Plaintiff

9

for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

## JURY TRIAL DEMANDED

63.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Treble damages;

(d)     Punitive damages;

(e)     Injunctive relief;

(f)     Costs and reasonable attorney's fees; and

(g)     Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, PC**

*/s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
JOSEPH L. GENTILCORE, ESQUIRE
Land Title Building, 19th Floor
100 S. Broad Street
Philadelphia, PA 19110
(215) 735-8600
mmailman@consumerlawfirm.com
jgentilcore@consumerlawfirm.com

Dated:  12/20/2017                                    *Attorneys for Plaintiff*

10